

# U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Dennis C. Carletta*               970 Broad Street, Suite 700               (973) 645-2700
*Assistant U.S. Attorney*          Newark, New Jersey 07102

March 9, 2009

Honorable Susan D. Wigenton
United States District Judge
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    **United States v. Shedrick Crafton**
              **Crim. No. 08-346 (SDW)**

Dear Judge Wigenton:

      This correspondence serves as a supplement to the Government's February 23, 2009, letter brief to address *in limine* certain documents produced by defendant Crafton as reciprocal discovery in the above-referenced matter. The Government continues its objection to this proffered evidence for the reasons stated below, and requests a ruling on this matter prior to opening statements, currently scheduled to commence on March 11, 2009, at 9:30 a.m.

Summary of Issue

      As the Court is now aware, Mr. Crafton has produced a number of items which suggest that he will seek the admission of testimony and documents relating to the alleged theft of a sum of U.S. currency during law enforcement's execution of a court-authorized search warrant at the defendant's residence on February 13, 2008. Moreover, pursuant to counsel's statements before the Court on March 5, 2009, Mr. Crafton also intends to call as defense witnesses at trial each member of law enforcement who participated in the search of his home on the night of his arrest. The reason for the expected testimony of law enforcement is two-fold: (1) the defense intends to highlight the fact that nothing of narcotics-related evidentiary value was recovered from Mr. Crafton's home; and (2) the defense will ask each officer if they took a sum of money from a shoe belonging to Mr. Crafton's girlfriend during the search of her room in his home. Presumably, once each officer testifies that they did not take the money, the defense will then call at least three witnesses, including Mr. Crafton's girlfriend, who will claim that the money was in the home before the search and that it was missing after the search (none of these witnesses will claim that they actually viewed the theft; only that they assume an agent of law enforcement took the money).

      Significantly, the Government concedes and expects to present testimony at trial by its

lead case agent, ICE SA Timothy Carey, that no narcotics-related evidence was recovered from Mr. Crafton's home. For that precise reason, the Government will not be calling as witnesses at trial any of the officers who conducted the search of Mr. Crafton's home. Any expected testimony from those officers would be cumulative as to the issue of the lack of any evidence recovered from Mr. Crafton's home. More importantly, none of the officers who conducted the search had any material involvement with the underlying investigation, so any expected testimony by them would be irrelevant to the jury's determination of the ultimate issue in the case, i.e., whether or not Keith Stewart and Shedrick Crafton conspired with each other and with others to distribute quantities of heroin and cocaine.

It is clear, therefore, the defense has one true purpose for calling these officers in its direct case. Mr. Crafton intends to impeach the credibility of each of these officers as to the collateral issue of the allegedly stolen funds in the desperate and impermissible hope that he may be able to impugn the integrity of all law enforcement agents involved in this case. There can be no more obvious purpose to this proffered testimony, and it must not be permitted as it is wholly devoid of any evidentiary value or relevance. Its entire purpose is to mislead the jury, to confuse the issues at trial and to unfairly prejudice law enforcement in the eyes of the jury. Accordingly, the expected testimony should not be admitted.

Discussion of Applicable Law

The defendant's intention to present the evidence summarized above is entirely improper, irrelevant, cumulative and consequently inadmissable at trial as a matter of law. It is well-settled in this Circuit that extrinsic evidence is not admissible "'for the purpose of attacking'" the credibility of a witness or hearsay declarant, Fed. R. Evid. 608(b). *See United States v. Saada*, 212 F.3d 210, 218-22 (3d Cir. 2000). Nor may extrinsic evidence be used to contradict the testimony of a witness on a collateral matter. *See United States v. Agnes*, 753 F.2d 293, 305 (3d Cir. 1985); *United States v. Payne*, 102 F.3d 289, 294-95 (7th Cir. 1996); *United States v. Perez-Perez*, 72 F.3d 224, 227 (1st Cir. 1995) (extrinsic evidence to impeach is only admissible for contradiction where the prior testimony being contradicted was itself material to the case at hand). Furthermore, under Rule 403, even "relevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

As stated, the defendant's accusation amounts to little more than an ill-conceived attempt to taint the reputation of the officers involved in the execution of the search warrant in the hope that the jury will be prejudiced against all law enforcement. While its purpose is entirely improper as a matter of law, it is also completely collateral and irrelevant. It fails to make the existence of a single fact that is of consequence to the determination of these proceedings – namely, whether Mr. Crafton was a member of the charged narcotics conspiracy – more or less probable than without its admission. See Federal Rules of Evidence 401 and 402. The topic of the allegedly stolen funds is simply a detour and a sideshow designed to divert the jury's attention from the facts of the case. The officers involved in the search of Mr. Crafton's home did not take part in the underlying investigation that led to his arrest. They will not be called as witnesses in the Government's case-in-chief because they have no materially relevant testimony to provide. Whether or not any of these officers took a sum of money from the defendant's

girlfriend is a matter wholly separate and apart from the issues that are germane to the jury's determination of the defendant's guilt or innocence. Indeed, where an issue is so "remote or peripheral, vis-à-vis the issues in the case" and where its "relevance to [defendant's] guilt or innocence [wa]s so tenuous as to place it at the margins of allowable cross-examination," it is within the discretion of the trial judge to exclude. *United States v. Zaccaria*, 240 F.3d 75, 81 (1st Cir. 2001). Moreover, while courts have "broad discretion" to admit extrinsic evidence if it contradicts a witness's testimony on direct concerning a "specific fact" that is "closely intertwined with the central issue of th[e] case," *United States v. Benedetto*, 571 F.2d 1246, 1250 (2d Cir. 1978), "extrinsic evidence to impeach is only admissible for contradiction where the prior testimony being contradicted was itself material to the case at hand," *United States v. Perez-Perez*, 72 F.3d 224, 227 (1st Cir. 1995). Even where "extrinsic evidence" is admissible "to impeach specific error or falsehoods in a witness's direct testimony," it remains "subject to Rule 403 considerations." *Benedetto*, 571 F.2d at 1250 n.7. Here, the extrinsic evidence that defense wants to proffer (i.e., the testimony of the defendant's girlfriend) is "not material to" his "guilt or innocence," *Perez-Perez*, 72 F.3d at 227, but merely is an attempt to undermine law enforcement's overall credibility by suggesting — without concrete proof — that at least one officer - *without any other link to the underlying investigation leading to the defendant's arrest* - took a sum of money during the search of Mr. Crafton's home. This is the epitome of a "collateral" issue. *See, e.g.*, *United States v. Olivo*, 80 F.3d 1466, 1470-71 (10th Cir. 1996) (district court properly excluded extrinsic evidence of state court arrest warrant offered to impeach witness). Accordingly, as there are no exceptions upon which to admit the proffered evidence, any inference to these issues should be properly excluded at trial.[1]

---

[1] Furthermore, the defendant may not claim a perceived violation of his 6th Amendment Confrontation Clause rights in the event the Court prohibits the proffered testimony regarding the allegedly stolen funds. Courts have "repeatedly emphasized," *United States v. Crowley*, 318 F.3d 401, 417 (2d Cir. 2003), that although "[t]he Confrontation Clause guarantees the defendant in a criminal case the right to cross-examine the witnesses against [him]," this "right is not illimitable," *United States v. Laljie*, 184 F.3d 180, 192-93 (2d Cir. 1999). "What the Clause guarantees is 'not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish,' but rather 'an *opportunity* for effective cross-examination.'" *Id.* (quoting *Van Arsdall*, 475 U.S. at 679 (internal quotation marks omitted)). Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. *Van Arsdall*, 475 U.S. at 679.

Indeed, the Federal Rules of Evidence expressly acknowledge trial courts' power and duty to set reasonable limits upon cross-examination. Rule 403 authorizes trial courts to limit defense cross-examination that will unduly confuse the jury, relative to the probative value of that testimony. *See Crowley*, 318 F.3d at 417; *United States v. Flaharty*, 295 F.3d 182, 190-91 (2d Cir. 2002). Rule 611 provides further authority to limit defense cross-examination. *United States v. Maldonado-Rivera*, 922 F.2d 934, 955-56 (2d Cir. 1990). These "well-established rules of evidence permit trial judges to exclude evidence" — even if offered by a criminal defendant — because "the Constitution permits judges to exclude evidence that is repetitive . . . , only marginally relevant or poses an undue risk of harassment, prejudice, [or] confusion of the issues." *Holmes v. South Carolina*, 126 S. Ct. 1727, 1732 (2006) (internal quotation marks

     In addition to the fact the proffered testimony is utterly devoid of relevance, it is also cumulative of evidence the Government will provide at trial.  As stated earlier, ICE SA Timothy Carey is expected to testify, in part, that law enforcement did not recover any items of narcotics-related significance during the search of Mr. Crafton's home.  Consequently, through this testimony, the Government will concede that no evidence bearing on the question of Mr. Crafton's guilt was recovered from his home.  Therefore, it would be a waste of judicial resources to permit the defense to call as witnesses each of the officers who conducted the search to confirm what SA Carey has already testified to.  This type of testimony would be unnecessarily repetitive and cumulative, and its preclusion is entirely proper.  *See, e.g., United States v. Weiss*, 930 F.2d 185, 198 (2d Cir. 1991) (excluding cumulative extrinsic evidence of the bias of a prosecution witness who had already admitted the principal sources of his bias); *United States v. Gomes*, 177 F.3d 76, 81 (1st Cir. 1999) ("the trial judge had discretion to exclude such an excursion into extrinsic evidence [about a witness's alleged bias] that would distract [the jury] from the main issues in this case").

## Conclusion

     For the reasons stated above, the Government requests that the Court grant its motion *in limine* to preclude Defendant Crafton from introducing any evidence, testimony or documents pertaining to the alleged theft of property purportedly belonging to Timmi Mack or Zayna Jackson, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

RALPH J. MARRA, JR.
Acting United States Attorney

ss:// *Dennis C. Carletta*

By: Dennis C. Carletta
Assistant U.S. Attorney

cc:    Anna G. Cominsky, Esq.
        Linwood Jones, Esq.

---

omitted); *accord Clark v. Arizona*, 126 S. Ct. 2709, 2731-32 (2006).