# Krovatin Klingeman LLC

ATTORNEYS AT LAW

GERALD KROVATIN

HENRY E. KLINGEMAN*

HELEN A. NAU**

ANNA G. COMINSKY**

*ALSO ADMITTED IN HI AND PA

**ALSO ADMITTED IN NY

744 BROAD STREET
SUITE 1903
NEWARK, NEW JERSEY
07102

TEL. 973-424-9777
FAX 973-424-9779
www.krovatin.com

## DOCUMENT FILED ELECTRONICALLY

March 9, 2009

Honorable Susan D. Wigenton, U.S.D.J.
United States District Court
Martin Luther King, Jr. Federal Bldg. & Courthouse
50 W. Market Street
Newark, NJ 07102

    Re:    <u>United States v. Shedrick Crafton</u>
               Crim. No. 08-346

Dear Judge Wigenton:

      I received the Government's Motion *in Limine* filed this afternoon. I respectfully request that the Court accept this letter brief in lieu of a more formal filing.

### Summary of the Issue

      Mr. Crafton provided the Government with reciprocal discovery on February 5, 2009. Among the items provided were three sworn affidavits. The affidavits, in sum and substance, detailed a theft of money from Mr. Crafton's apartment on the day he was arrested. The affidavits are from three potential witnesses. These affidavits were provided to the Government as a courtesy. Mr. Crafton had no obligation to provide these prior witness statements until after the close of the Government's case. One of the reasons Mr. Crafton plans on calling these specific witnesses is to impeach the credibility of agents involved in the investigation of this case. In particular, Mr. Crafton would call these witnesses to prove that agents involved in the arrest of Mr. Crafton on February 13, 2008 stole money from his girlfriend. In total, the testimony of these three witnesses will take under one hour.

      The Government has asked the Court to exclude any testimony regarding the theft because its "entire purpose is to mislead the jury, to confuse the issues at trial and to unfairly prejudice law enforcement in the eyes of the jury." See Govt's Brief p.2. The Government contends that because they do not plan on calling any of the agents who searched Mr. Crafton's apartment that the proffered evidence is improper. This is not true. Mr. Crafton has just as much a right to present a case as the Government. Just because the Government is trying to tailor their

KROVATIN KLINGEMAN LLC
ATTORNEYS AT LAW

Honorable Susan D. Wigenton, U.S.D.J.
March 9, 2009
Page 2 of 2

case to keep out certain information does not mean that the jury should be prevented from hearing the entire case.

### Legal Argument

The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." See *Davis v. Alaska*, 415 U.S. 308. 315 (1974). The essential purpose of the confrontation clause is to secure for the defendant the opportunity of cross-examination. *Id.* at 315. Cross examination is the principal means by which a witness's credibility is tested. *Id.* When cross examining a witness the defendant must be permitted to test both the witness's credibility and the witness's knowledge of the material facts. See *Olden v. Kentucky*, 488 U.S. 227, 231 (1988); see also *Wright v. Vaughn*, 473 F.3d 83 (3d Cir. 2006). So essential is cross examination to the purpose of testing credibility that the absence of proper confrontation calls into question the ultimate integrity of the fact-finding process. See *Ohio v. Roberts*, 448 U.S. 56, 64 (1980).

There is an issue of misconduct in this investigation. One of the primary sources of evidence in the case against Mr. Crafton is testimony from the agents involved in the investigation and his arrest. We have a good faith basis to believe that money was stolen from my client's apartment during his arrest. Other than the fact that the Government does not want to the jury to hear about the theft, the Government has no basis in law to exclude either the cross-examination of the agents, or the offering of testimony from Mr. Crafton. The credibility of a government witness is never a collateral issue. See. *U.S. v. Turning Bear*, 357 F.3d 730 (8h. Cir. 2004) (In prosecution for aggravated sexual abuse of child, probative value of opinion testimony regarding victim's character for truthfulness was neither substantially outweighed by unfair prejudice nor needlessly cumulative, where credibility of victim's testimony was a central issue of case.) see also *Jones v. TEK Industries, Inc.*, 319 F3d 355 (8h. Cir. 2003) (District Court was within its discretion in admitting at trial evidence of state prisoners' felony convictions in their action against their employer while incarcerated, alleging religious discrimination in violation of Title VII, where evidence assisted jury in evaluating credibility of prisoners' testimony, and court instructed jury that evidence was to be used only for that purpose.).

KROVATIN KLINGEMAN LLC
ATTORNEYS AT LAW

Honorable Susan D. Wigenton, U.S.D.J.
March 9, 2009
Page 2 of 2

### Conclusion

For the above reasons, Mr. Crafton respectfully requests that the Court deny the Government's motion *in limine*.

Please do not hesitate to contact me with any questions. Thank you for your consideration.

Respectfully submitted,

Anna G. Cominsky, Esq. (AC 9085)
Krovatin Klingeman LLC
744 Broad Street, Suite 1903
Newark, NJ 07102
Phone: 973-424-9777
Fax: 973-424-9779
Email: acominsky@krovatin.com
Attorneys for Defendant Shedrick Crafton

cc:  AUSA Matthew Beck
     Linwood A. Jones, Esq.
     Mr. Shedrick Crafton